HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| U.S. BANK, N.A., as trustee for Chevy Chase Funding LLC Mortgage-Backed Certificates Series 2006-2,<br><br>                    Plaintiff,<br><br>    v.<br><br>JERRY R. McCARTY, SHERYL L. McCARTY, and ALL OCCUPANTS of the premises located at 16923 Brasher Lane, Southeast, Rainier, Washington 98576,<br><br>                    Defendants. | No. 12-CV-5150 RBL<br><br>ORDER GRANTING MOTION FOR REMAND<br><br><br><br><br><br>[Dkts. #2, 4] |

      Defendants have removed an unlawful detainer action from state court, asserting both federal-question and diversity jurisdiction. Under federal-question jurisdiction, a defendant may remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." 28 U.S.C. § 1441(b). Under diversity jurisdiction, a defendant may remove where the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1441(b); *see also id.* § 1332. However, the forum-defendant rule prevents a party from removing in his own state based on diversity jurisdiction: outside of federal-question jurisdiction, "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Lastly, a defendant must remove within 30 days after receipt by the defendant of a copy of the complaint. *See* 28 U.S.C. § 1446(b).

Order - 1

The Court cannot identify a federal question; indeed, the only claim presented appears to be for unlawful detainer—a claim based in state law. And, because Defendants do not contest that they are citizens of Washington, diversity jurisdiction does not apply. Moreover, Defendants' removal is untimely. (Defendants were served on January 11, 2012, and removed on February 23, 2012.)

Further, Plaintiff requests attorney's fees incurred on this motion for remand, pursuant to 28 U.S.C. § 1447(c). While the Court grants ample leeway to *pro se* parties, this removal quite clearly appears to be in bad faith on Defendants' part. Not only is there absolutely no basis for removal, but Defendants do not contest that they removed the case precisely one-day before the state court's hearing to resolve the unlawful detainer question. In response to the motion for remand, Defendants fail to explain their conduct in any way (rather, they demand sanctions against opposing counsel for "testifying" in his brief on remand[1]). In short, Defendants abused the removal process.

The Court therefore **GRANTS** the motion to remand and **AWARDS $100.00** in attorney's fees to Plaintiffs. [Dkt. #4]. In light of the remand, Plaintiff's pending motion for a writ of restitution is **MOOT**. [Dkt. #2].

Dated this 14th day of March 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] For Defendants' edification, and because this litigation threatens to continue, the Court notes that an attorney's declaration (presumably the item to which Defendants object) does not make the attorney a testifying fact-witness on behalf of their client. Mr. Knox's declaration authenticates the exhibits to Plaintiff's brief.